24-2444-cv
*Nestor Cassini v. County of Nassau*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of February, two thousand twenty-six.

PRESENT:
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

MARIANNE NESTOR CASSINI,

> *Plaintiff-Appellant,*

OLEG CASSINI, INC., CASSINI PARFUMS LTD.,
GEMEAUX LTD.,

> *Plaintiffs,*

> v.                                                                24-2444-cv

COUNTY OF NASSAU, BRIAN CURRAN, IN
HIS OFFICIAL CAPACITY AS NASSAU
COUNTY PUBLIC ADMINISTRATOR,
JEFFREY DELUCA, KENNETH MAHON,
MARGARET C. REILLY, ROSALIA
BAIAMONTE, JEFFREY MILLER, WILLIAM
DOYLE GALLERIES, INC., JOSEPH FUCITO,
AKA KINGS COUNTY SHERRIFF, IN HIS
OFFICIAL CAPACITY AS NEW YORK CITY

SHERIFF, JOHN AND JANE DOE 1-10, JAMES DZURENDS, IN HIS OFFICE OFFICIAL CAPACITY AS NASSAU COUNTY SHERIFF,

*Defendants-Appellees.*

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | MARIANNE NESTOR CASSINI, *pro se*, New York, New York. |
| FOR DEFENDANTS-APPELLEES COUNTY OF NASSAU, BRIAN CURRAN, JEFFREY DELUCA, JOHN AND JANE DOE 1-10, AND JAMES DZURENDS: | Robert F. Van der Waag, Deputy County Attorney, *for* Hon. Thomas A. Adams, Nassau County Attorney, Mineola, New York. |
| FOR DEFENDANT-APPELLEE KENNETH MAHON: | Marian C. Rice, L'Abbate, Balkan, Colavita & Contini, LLP, Melville, New York. |
| FOR DEFENDANT-APPELLEE MARGARET C. REILLY: | BLAIR J. GREENWALD, Assistant Solicitor General, (Barbara D. Underwood, Solicitor General, Ester Murdukhayeva, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General, State of New York, New York, New York . |
| FOR DEFENDANT-APPELLEE ROSALIA BAIAMONTE: | JEFFREY A. MILLER (Michael B. Weitman, *on the brief*), Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, New York. |
| FOR DEFENDANT-APPELLEE JEFFREY MILLER: | Brett A. Scher, Kaufman Dolowich & Voluck, LLP, Woodbury, New York . |
| FOR DEFENDANT-APPELLEE WILLIAM DOYLE GALLERIES, INC.: | Kevin P. Mulry, Farrell Fritz, P.C., Uniondale, New York. |

FOR DEFENDANT-APPELLEE
JOSEPH FUCITO:

Jamison Davies, Assistant Corporation Counsel (Melanie T. West, *on the brief*), *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Diane Gujarati, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on August 13, 2024, is **AFFIRMED**.

Marianne Nestor Cassini, proceeding *pro se*, appeals from the district court's judgment dismissing her amended complaint against Defendants-Appellees County of Nassau, Brian Curran, Jeffrey DeLuca, Kenneth Mahon, Margaret C. Reilly, Rosalia Baiamonte, Jeffrey Miller, William Doyle Galleries, Inc., Joseph Fucito, John and Jane Does 1–10, and James Dzurends. Nestor Cassini, through counsel, alleged in her amended complaint that Defendants violated her rights in numerous ways over the course of decades of litigation relating to her late husband's estate. Nestor Cassini asserted multiple claims, including, *inter alia*, for civil RICO and various constitutional violations pursuant to 42 U.S.C. § 1983. Defendants moved to dismiss the amended complaint for lack of subject matter jurisdiction and for failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The district court granted the motion, concluding that all of Nestor Cassini's claims, except for any excessive force claims, were barred by the *Rooker-Feldman* doctrine, and that her excessive force claims failed on several grounds. *See generally Nestor Cassini v. County of Nassau*, No. 22-CV-1696 (DG), 2024 WL 3823205

3

(E.D.N.Y. Aug. 12, 2024). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* a district court's application of the *Rooker-Feldman* doctrine. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005). "We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis, internal quotation marks, and citation omitted).

As an initial matter, Nestor Cassini's appellate brief primarily consists of hundreds of pages of exhibits, raises various new allegations against non-parties, and makes no attempt to engage with the district court's decision. We could therefore conclude that Nestor Cassini has abandoned any relevant arguments and affirm on that basis alone. *See Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam) ("[A] pro se litigant abandons an issue by failing to address it in the appellate brief.").

In any event, we decline to disturb the district court's judgment. The district court concluded that the *Rooker-Feldman* doctrine barred the majority of Nestor Cassini's claims because "the state proceedings ended with respect to the issues that [Nestor] Cassini seeks to have reviewed in federal court, even if other matters remain to be litigated." *Cassini*, 2024 WL

4

3823205, at *17 (emphasis omitted).   However, we need not decide that issue here because other grounds warranted dismissal as to the allegations Nestor Cassini references on appeal.   *See Scott v. Fischer*, 616 F.3d 100, 105 (2d Cir. 2010) ("We may affirm a district court's dismissal of a complaint on any basis supported by the record.").

In her brief, Nestor Cassini asserts that the court-appointed receiver's actions were "illegal" because appointment of a receiver was improper and, with respect to an order of contempt issued against her, that "[t]here was no contempt."   Appellant's Br. at 3–4.   However, Baiamonte, as a court-appointed receiver, is entitled to quasi-judicial immunity for acting in accordance with the court's mandate, *Bradford Audio Corp. v. Pious*, 392 F.2d 67, 72–73 (2d Cir. 1968), and Judge Reilly of the Surrogate's Court was entitled to judicial immunity for entering the receivership and contempt orders, *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("[E]ven allegations of bad faith or malice cannot overcome judicial immunity").

As to the excessive force claims, the district court correctly determined that those claims were time-barred.   *Cassini*, 2024 WL 3823205, at *18.   "In New York, [Section 1983] actions are subject to a three-year statute of limitations."   *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023).   Although that limitations period is subject to equitable tolling, such tolling applies "only in rare and exceptional circumstances, where . . . extraordinary circumstances prevented a party from timely performing a required act, and . . . the party acted with reasonable diligence throughout the period he [sought] to toll."   *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation marks and citation omitted).   Here, Nestor Cassini alleged that she suffered injuries during her arrest on May 3, 2018.   Nestor Cassini also alleged that she suffered injuries

5

when she was transported to court and during court appearances. Because Nestor Cassini alleged that she was released from her second period of incarceration on March 27, 2019, and had no appearances before Judge Reilly on that day, these alleged instances of excessive force must have occurred before March 27, 2019. Thus, Nestor Cassini's excessive force claims could only be based on incidents that occurred *before* March 27, 2019. Because she commenced this action on March 27, 2022, more than three years after she suffered her alleged injuries, her claims were time-barred. Moreover, Nestor Cassini has failed to plead (or even argue) any extraordinary circumstances sufficient to warrant equitable tolling. The district court therefore properly dismissed the excessive force claims as time-barred.

* * *

We have considered Nestor Cassini's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court